Jerry N. Budin
State Bar #88539
Law Office of Jerry Budin
2401 E. Orangeburg Ave., Ste. 675-309
Modesto, California 95355
Telephone: (209) 544-3030
Facsimile: (209) 544-3144

Attorney for Plaintiff,
PEDRO CASTRO, individually
and on behalf of all others
similarly-situated

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(Fresno Division)

| | |
|---|---|
| PEDRO CASTRO, individually and on behalf of all others similarly-situated,<br><br>             Plaintiffs,<br><br>vs.<br><br>OROZCO TRUCKING, ONORIO, OROZCO and DOES 1 through 100,<br><br>             Defendants. | **COLLECTIVE AND CLASS ACTIONS**<br><br>CASE NO.<br><br>COMPLAINT FOR (1) UNPAID OVERTIME COMPENSATION [29 U.S.C. §201 et seq.]; (2) VIOLATIONS OF UNFAIR COMPETITION ACT [Calif. B&P §17200 et seq.]; (3) STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS [Calif. Labor Code §226] |

**DEMAND FOR JURY TRIAL**

Plaintiff, PEDRO CASTRO, individually and on behalf of all others similarly-situated, complains and alleges as follows:

**INTRODUCTION**

1. This is an "opt-in" <u>collective action</u> pursuant to 29 U.S.C. §216(b) and an "opt-out" <u>class action</u> pursuant to F.R.C.P. 23 seeking unpaid overtime compensation and interest thereon, statutory penalties, injunctive and other equitable relief, and reasonable attorney's fees and costs brought by plaintiff, PEDRO CASTRO, individually and on behalf of all other truck drivers

1  employed by, or formerly employed by, OROZCO TRUCKING and ONORIO
2  OROZCO and their subsidiaries, owners and affiliated companies
3  ("defendants") within the State of California.  For at least four
4  years prior to the filing of this complaint and continuing to the
5  present, defendants have had consistent policies of (a) requiring
6  their truck drivers, including plaintiff, to work in excess of
7  forty (40) hours per week without paying them overtime compensation
8  as required by Federal and California state laws and (b) failing to
9  provide proper wage statements to their truck drivers as required
10 by California state law.

11     2.  This complaint contains three (3) causes of action.  In
12 the    First Cause of Action, plaintiff, individually and in an
13 <u>"opt-in" collective action</u> on behalf of all similarly-situated
14 current and former truck drivers employed by defendants in the
15 State of California (Class 1), seeks to recover <u>unpaid overtime
16 compensation</u>, including the interest thereon, statutory penalties
17 and reasonable attorney's fees and litigation costs pursuant to 29
18 U.S.C. §201 et seq.  Jurisdiction of this federal-law cause of
19 action is conferred upon this Court by 29 U.S.C. §216(b).

20     3.  In the Second Cause of Action, the plaintiff, individually
21 and in an <u>"opt-out" class action</u> on behalf of all similarly-
22 situated current and former truck drivers employed by defendants in
23 the State of California (Class 2), seeks injunctive relief and
24 restitution from defendants of all <u>wrongfully withheld overtime
25 compensation</u> pursuant to California Business and Professions Code
26 §§17200-17208.  Jurisdiction of this pendent state-law cause of
27 action is conferred upon this Court by 28 U.S.C. §1367.

28     4.  In the Third Cause Of Action, plaintiff, individually and

---

COMPLAINT FOR (1) UNPAID OVERTIME COMPENSATION [29 U.S.C. §201 et seq.]; (2) VIOLATIONS OF UNFAIR
COMPETITION ACT [Calif. B&P §17200 et seq.]; and (3) STATUTORY PENALTIES FOR VIOLATION OF RECORD
KEEPING REQUIREMENTS [Calif. Labor Code §226]    2

1    in an "opt-out" class action on behalf of all similarly-situated
2    current and former truck drivers employed by defendants in the
3    State of California (Class 3), seeks to recover statutory penalties
4    pursuant to Labor Code §226 for defendants' failure to maintain and
5    provide proper wage statements for their truck drivers.
6    Jurisdiction of this pendent state-law cause of action is conferred
7    upon this Court by 28 U.S.C. §136.

**GENERAL ALLEGATIONS**

9    5.  Defendants are, and at all times relevant herein were,
10   the employers of plaintiff and business entities engaged in the
11   intrastate transportation industry in the State of California, with
12   business operations in Bakersfield in Kern County, California.  At
13   all times relevant herein, the principal business of said
14   defendants consisted of the intrastate transportation, wholly
15   within the State of California, of milk from dairies to milk
16   processing plants, which business activities involved the
17   production of goods for interstate commerce and/or affected
18   interstate commerce.

19   6.  Defendant ONORIO OROZCO is, and all times relevant herein
20   was, the owner, President and sole shareholder and officer of
21   defendant OROZCO TRUCKING.  Defendant ONORIO OROZCO was personally
22   responsible for the overall operational control of and personally
23   made all of the business decisions for defendant OROZCO TRUCKING.
24   Furthermore, with respect to all of the allegations in this
25   Complaint, defendant ONORIO OROZCO acted directed and/or indirectly
26   in the interest of defendant OROZCO TRUCKING so as to satisfy the
27   definition of an employer under the Fair Labor Standards Act, 29
28   U.S.C. §203(b).  Furthermore, defendant ONORIO OROZCO acted as the

1  alter-ego of defendant OROZCO TRUCKING and dominated the affairs of
2  said corporation and business such that a unity of interest and
3  ownership existed between him and said corporation and business.
4  Further, said corporation and business was inadequately capitalized
5  and failed to abide by the formalities of corporate existence so as
6  to require piercing the corporate veil, require abandonment of the
7  fiction of a separate corporation and impose personal liability on
8  defendant ONORIO OROZCO for all of the unlawful policies engaged in
9  under the name of defendant OROZCO TRUCKING as alleged in this
10 Complaint.

11    7.   The true names and capacities, whether individual,
12 corporate, associate or otherwise, of defendants DOES 1 to 100,
13 inclusive, are unknown to plaintiff, who therefore sues said
14 defendants by such fictitious names, and plaintiff will seek leave
15 of Court to amend this Complaint when the true names and capacities
16 of said defendants are ascertained.  Plaintiff is informed and
17 believes, and thereon alleges, that each of the defendants
18 designated herein as a DOE is responsible in some manner and liable
19 to plaintiff and the proposed classes upon the events forming the
20 grounds for this suit.

21    8.   Plaintiff is informed and believes, and thereon alleges,
22 that at all times relevant hereto, each of the defendants, whether
23 specifically named or designated as a DOE, was the agent, servant
24 and employee of the remaining co-defendants and, in doing the
25 things herein alleged, was acting within the course and scope of
26 said agency, employment and service with the advance knowledge,
27 consent and ratification of each of the remaining defendants.

28    9.   All of the acts and conduct committed by each and every

COMPLAINT FOR (1) UNPAID OVERTIME COMPENSATION [29 U.S.C. §201 et seq.]; (2) VIOLATIONS OF UNFAIR COMPETITION ACT [Calif. B&P §17200 et seq.]; and (3) STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS [Calif. Labor Code §226]   4

1 corporate defendant and described in this Complaint were duly
2 authorized, ordered and directed by that corporate defendant's
3 managing agents, employees and officers.  In addition, these
4 managing agents, corporate officers and employees participated in
5 the aforesaid acts and conduct and ratified, accepted the benefits
6 of, condoned and approved each and all of the aforesaid acts and
7 conduct of that defendant corporation.

8   10.  The acts, conduct and events alleged herein occurred, in
9 part, in the geographical area comprising the Eastern District of
10 California (Fresno Division) of the United States District Court.

11   11.  Defendants' failure to pay overtime compensation and to
12 maintain and provide proper wage statements is continuing and
13 ongoing.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

15   12.  The named plaintiff brings this action, individually and
16 on behalf of all current and former truck drivers employed by
17 defendants, as an "opt-in" collective action pursuant to 29 U.S.C.
18 §216(b) and as an "opt-out" class action pursuant to F.R.C.P. 23.

19   13.  The "opt-in" class (hereinafter Class 1) that the
20 plaintiff seeks to form and represent in the First Cause of Action
21 is composed of and defined as follows:

22         Class 1
23         All persons who are employed or have been
24         employed by defendants in the State of
25         California who, within three (3) years of
26         the filing of this complaint and to the date
27         of trial (liability period 1), have worked
28         as a truck driver hauling milk solely within

1 the State of California and have worked in
2 excess of forty (40) hours per week without
3 being paid overtime compensation by
4 defendants for those excess hours.

5  14. The plaintiff is similarly-situated to the members of
6 Class 1 in that plaintiff (a) was employed by defendants during
7 liability period 1 as a truck driver; (b) hauled milk solely within
8 the State of California; and (c) regularly worked in excess of
9 forty (40) hours per week but was not paid overtime therefor.

10  15. The "opt-out" class (hereinafter Class 2) that the
11 plaintiff seeks to certify and represent in the Second Cause of
12 Action is composed of and defined as follows:

13 Class 2
14 All persons who are employed or have been
15 employed by defendants in the State of
16 California who, within four (4) years of the
17 filing of this complaint and to the date of
18 trial (liability period 2), have worked as
19 a truck driver hauling milk solely within
20 the State of California and have worked in
21 excess of forty (40) hours per week without
22 being paid overtime compensation by
23 defendants for those excess hours.

24  16. The "opt-out" class (hereinafter Class 3) that the
25 plaintiff seeks to certify and represent in the Third Cause of
26 Action is composed of and defined as follows:
27 Class 3
28 All persons who are employed or have been

employed by defendants in the State of California who, within three (3) years of the filing of this complaint and to the date of trial (liability period 1), have worked as a truck driver.

17. As to Classes 2 and 3, the requirements of F.R.C.P. 23 are satisfied in that there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable. In addition, the following requirements are satisfied:

    a. <u>Numerosity</u>. The potential members of Classes 2 and 3 as defined are so numerous that joinder of all the members of the class is impracticable.

    b. <u>Commonality</u>. There are questions of law and fact common to Classes 2 and 3 that predominate over any questions affecting only individual members of Classes 2 and 3. These common questions of law and fact include without limitation:

        i. Whether defendants violated Sections 17200 et seq. of the California Business and Professions Code by failing to pay overtime compensation to truck drivers who drove in intrastate transportation in excess of forty (40) hours per week.

        ii. Whether defendants violated Labor Code §226 by failing to maintain and provide proper wage statements for their truck drivers.

    c. <u>Typicality</u>. The claims of the plaintiff are

          typical of the claims of Classes 2 and 3. Plaintiff and all members of Classes 2 and 3 sustained economic damages arising out of and caused by defendants' common course of conduct in violation of law as alleged herein.

    d. <u>Adequacy of Representation</u>. Plaintiff is a member of Classes 2 and 3 and will fairly and adequately represent and protect the interests of the members of Classes 2 and 3. Counsel who represents the plaintiff is competent and experienced in litigating employment-related cases, including wage and hour class actions.

    e. <u>Superiority of Class Action</u>. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class 2 and 3 members is not practicable, and questions of law and fact common to Classes 2 and 3 predominate over any questions affecting only individual members of Class 2. Each member of Classes 2 and 3 has been economically damaged and is entitled to recovery by reason of defendants' illegal policy and/or practice of (a) requiring truck drivers who drove in intrastate transportation to work in excess of forty (40) hours per week without paying overtime compensation and (b) failing to maintain and provide proper wage statements. Class action treatment will allow those

similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## FIRST CAUSE OF ACTION
### (29 U.S.C. Section 201 et seq.)

18. The allegations of paragraphs 1-17 above are realleged and incorporated herein by reference.

19. Plaintiff, PEDRO CASTRO, was employed by defendants during liability period 1 as a truck driver. He regularly worked in excess of forty (40) hours per week. His principal duties consisted of the intrastate transportation, solely within the State of California, of milk from dairies to milk processing plants, which duties involved the production of goods for interstate commerce and/or which affected interstate commerce.

20. During liability period 1, pursuant to the provisions of the Fair Labor Standards Act (29 U.S.C. Sections 206 and 207) and regulations thereunder, plaintiff and Class 1 were entitled to overtime compensation for hours worked in excess of forty (40) per week but defendants failed to pay plaintiff and Class 1 overtime compensation.

21. Such failure was willful within the meaning of 29 U.S.C. Section 255(a).

WHEREFORE, plaintiff and Class 1 request relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Calif. B&P Code Section 17200 et seq.)

22. The allegations of paragraphs 1-17 above are realleged and

1 incorporated herein by reference.

2  23. Plaintiff, PEDRO CASTRO, was employed by defendants
3 during liability period 2 as a truck driver. He regularly worked
4 in excess of forty (40) hours per week. His principal duties
5 consisted of the intrastate transportation, solely within the State
6 of California, of milk from dairies to milk processing plants,
7 which duties involved the production of goods for interstate
8 commerce and/or which affected interstate commerce.

9  24. During liability period 2, plaintiff and Class 2 were
10 entitled to overtime compensation pursuant to 29 U.S.C. §201 et
11 seq. for hours worked in excess of forty (40) per week but
12 defendants failed to pay overtime compensation. Said failure
13 constitutes an unfair and unlawful business practice under
14 California Business and Profession Code Sections 17200 et seq.

15  25. As a result of said unfair and unlawful business practice,
16 defendants have reaped and continue to reap unfair benefits and
17 illegal profits at the expense of plaintiff and Class 2.
18 Defendants should be enjoined from continuing these unfair business
19 practices and made to disgorge their ill-gotten gains and return to
20 plaintiff and Class 2 the wrongfully withheld overtime
21 compensation.

22   WHEREFORE, plaintiff and Class 2 request relief as hereinafter
23 set forth.

### THIRD CAUSE OF ACTION
### (Calif. Labor Code §226)

26  26. The allegations of paragraphs 1-17 above are realleged and
27 incorporated herein by reference.

28  27. Plaintiff, PEDRO CASTRO, was employed by defendants during

---

liability period 1 as a truck driver and he and Class 3 members were subject to defendants' unlawful policy of failing to maintain and provide proper wage statements pursuant to Labor Code §226(a)(2)(3).

28. As a result of said violations, there is owing to plaintiff and Class 3 members statutory penalties under Labor Code §226(e).

29. Such violations were willful and intentional.

WHEREFORE, plaintiff and Class 3 request relief as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff and the Classes request relief as follows:

**AS TO THE FIRST CAUSE OF ACTION UNDER 29 U.S.C. §201 et seq.**

1. For a determination that the First Cause of Action under 29 U.S.C. §201 et seq. may be maintained as an "opt-in" collective action under 29 U.S.C. §216(b) as to the unnamed, but similarly-situated truck drivers comprising Class 1;

2. For unpaid overtime compensation to plaintiff and Class 1 during liability period 1 according to proof;

3. For additional liquidated damages;

4. For reasonable attorney fees and costs;

5. For prejudgment interest at the prevailing legal rate; and

6. For such other and further relief as the Court may deem proper.

**AS TO THE SECOND CAUSE OF ACTION UNDER B&P §17200 et seq.**

7. For a determination that the Second Cause of Action under

1 California B&P Code §17200 may be maintained as an "opt-out" class
2 action under F.R.C.P. 23 as to the unnamed, but similarly-situated
3 truck drivers comprising Class 2;
4    8.  For restitution and disgorgement of all ill-gotten gains
5 and benefits, including restitution of unpaid overtime compensation
6 to plaintiff and Class 2 during liability period 2 according to
7 proof;
8    9.  For injunctive relief that defendants be ordered to cease
9 and desist from unfair business practices in violation of Business
10 and Professions Code Section 17200 et seq.;
11   10.  For prejudgment interest at the prevailing legal rate; and
12   11.  For such other and further relief as the court may deem
13 proper.

**AS TO THE THIRD CAUSE OF ACTION UNDER CALIF. LABOR CODE §226**

15   12.  For a determination that the Third Cause Of Action under
16 California Labor Code §226 may be maintained as an "opt-out" class
17 action under FRCP 23 as to the unnamed, but similarly-situated
18 truck drivers comprising Class 3.
19   13.  For statutory penalties;
20   14.  For reasonable attorney fees and costs;
21   15.  For prejudgment interest at the prevailing legal rate;
22 and
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1    16.  For such other and further relief as the Court may deem proper.

**PLAINTIFF AND THE CLASSES DEMAND TRIAL BY JURY**

DATE: April 21, 2008

```
                         LAW OFFICE OF JERRY BUDIN


                          /s/ Jerry Budin
                         _____
                         JERRY BUDIN
                         Attorney for Plaintiff,
                         PEDRO CASTRO, individually
                         and on behalf of all
                         others similarly-situated
```

---

COMPLAINT FOR (1) UNPAID OVERTIME COMPENSATION [29 U.S.C. §201 et seq.]; (2) VIOLATIONS OF UNFAIR COMPETITION ACT [Calif. B&P §17200 et seq.]; and (3) STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS [Calif. Labor Code §226]   13